# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANA ISMAIL ABUDAWOOD; AYMAN ISMAIL ABUDAWOOD; ANAS ISMAIL ABUDAWOOD; SALWA ISMAIL ABUDAWOOD,<br><br>Applicants,<br><br>v.<br><br>ELEANOR DE LEON; ALAA ABUDAWOOD,<br><br>Respondents. | Case No. 8:23-cv-02448-JLS-JDE<br><br>**THIRD AMENDED FINAL JUDGMENT** |

On December 22, 2023, Applicants and Movants Sheikha Sana Ismail Abudawood, Sheikh Anas Ismail Abudawood, Sheikh Ayman Ismail Abudawood, and Sheikha Salwa Ismail Abudawood's (collectively, "Applicants"), through their counsel, Mark Holscher, Michael Shipley, and Edward Hillenbrand of Kirkland & Ellis LLP, applied to Confirm an Arbitral Award dated October 13, 2023, pursuant to 9 U.S.C. § 9. Respondents Eleanor de Leon and Alaa Abudawood ("Respondents") did not appear or oppose.

On March 24, 2025, the Applicants, through their counsel, Mark Holscher, Michael Shipley, and Edward Hillenbrand of Kirkland & Ellis LLP, applied to Confirm the Supplemental Award, dated February 10, 2025, pursuant to 9 U.S.C. § 9. Respondents did not appear or oppose.

Applying the procedure "in the manner provided by law for the making and hearing of motions," 9 U.S.C. § 6, the Court granted the applications. By reason of said rulings, Applicants are entitled to have judgment of the Court entered upon the awards.

**NOW, THEREFORE, IT IS ORDERED, AJDUDGED AND DECREED THAT**:

1. The Arbitrator's October 13, 2023 Award is **CONFIRMED**.
2. Applicants shall recover from Respondents post-Award attorneys' fees in the amount of $756,402.58 and costs in the amount of $9,750.89.
3. The Arbitrator's February 10, 2025 Award is **CONFIRMED**.
4. By pursuing the Kingdom of Saudi Arabia ("KSA") enforcement actions, Respondents have breached the Memorandum of Understanding ("MOU").
5. Any and all assets, including corporate and real estate assets, which are the subject of the MOU (collectively "Assets") are hereby ordered

transferred to Applicants as set forth in the Long-Form Settlement Agreement and Asset Transfer Documents, and Powers of Attorney executed by the Honorable Suzanne Segal on behalf of Respondents, including without limitation, all of the Assets in the Kingdom of Saudi Arabia, Egypt, United Arab Emirates, France, and the Cayman Islands. There is no outstanding legal question or dispute in this respect.

6. The procedures to effect the transfer of any and all Assets to Applicants in all foreign jurisdictions (including without limitation the Kingdom of Saudi Arabia, Egypt, United Arab Emirates, France, and the Cayman Islands) should be completed as expeditiously as possible given that the Long-Form Settlement Agreement and Asset Transfer Documents have been properly executed on behalf of the De Leons by the Honorable Suzanne Segal in accordance with and pursuant to the Court's June 12, 2024 Order.

7. Respondents, pursuant to the litigation initiated by them in the Kingdom of Saudi Arabia, received an amount of $47,544,413 in their favor, which exceeds the first installment payment of $45,000,000 U.S. dollars by an amount of $2,544,413. The excess amount of $2,544,413 is immediately due and owing to Applicants. A lien may be placed on the U.S. assets of Respondents in such amount. Additionally, this excess amount may be offset against any future installment payments to be paid by Applicants to Respondents.

8. No further installment or other payments (including without limitation the second through the fourth installment payments set forth in the MOU) are or will become due and owed by Applicants to Respondents, unless and until the completion of all procedures to effect the transfer of all Assets to the Applicants in all foreign jurisdictions (including without limitation the Kingdom of Saudi Arabia, Egypt, United Arab Emirates,

1  France, and the Cayman Islands) in compliance with the Long-Form
2  Settlement Agreement and Asset Transfer Documents.
3      9.   The $766,153.47 in attorneys' fees and costs this Court awarded
4  to Applicants against Respondents, as well as the $2,650,000 in sanctions
5  ordered by this Court against Respondents, may be offset by Applicants
6  against the amount of any future installment payments to be paid by
7  Applicants to Respondents.
8      10.  This Judgment may be submitted by Applicants to the courts or
9  other tribunals of any jurisdiction where the Assets are located, including
10 without limitation in the Kingdom of Saudi Arabia, Egypt, United Arab
11 Emirates, France, and the Cayman Islands.
12     11.  This Judgment is without prejudice to Applicants seeking other
13 and further relief against Respondents.

IT IS SO ADJUDGED.

DATED: April 25, 2025

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

4